# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**DORA B. WAGES**                                                                                **PLAINTIFF**

V.                   **CASE NO. 5:16-CV-00018 BRW/BD**

**CAROLYN W. COLVIN, Acting Commissioner,**
**Social Security Administration**                                       **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Introduction**:

Plaintiff, Dora B. Wages, applied for disability benefits, alleging a disability onset date of August 17, 2012. (Tr. at 12) After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 20) The Appeals Council denied her request for review. (Tr. at 1) The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Wages has requested judicial review.

For the reasons set out below, this Court should affirm the decision of the Commissioner.

**III.   The Commissioner's Decision:**

At Step One of the sequential five-step evaluation process, the ALJ found that Ms. Wages had not engaged in substantial gainful activity since his alleged onset date of August 17, 2012  (Tr. at 14)  The ALJ concluded at Step Two that Ms. Wages had the following severe impairments: degenerative joint disease of the left knee status post total knee replacement, mild to moderate degenerative joint disease of the right knee, and obesity.  *Id.*  At Step Three, the ALJ determined that Ms. Wages's impairments did not meet or equal a listed impairment.  (Tr. at 16)  Before proceeding to Step Four, the ALJ determined that Ms. Wages had the residual functional capacity ("RFC") to perform sedentary work, but with the limitation of only occasional stooping, crouching, kneeling, and crawling.  *Id.*  At Step Four, the ALJ concluded that Ms. Wages was capable of performing past relevant work as a Medicare clerk/accounting clerk.  (Tr. at 20). Consequently, the ALJ found that Ms. Wages was not disabled.  *Id.*

**IV.    Discussion:**

A.  Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence.  *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a

scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

      B.  Ms. Wages's Arguments on Appeal

Ms. Wages argues that the ALJ's decision to deny benefits is not supported by substantial evidence. She contends that the ALJ failed in his duty to develop the record about her depression. Ms. Wages argues that an ALJ cannot draw inferences from the medical records, but instead, has an independent duty to develop the record fully and fairly. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). The problem with this argument is that the record does not support a finding that the ALJ failed to develop the record in this case.

An ALJ does have a duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). It is also true that a claimant has the burden of proving her disability; the ALJ have an obligation to act as counsel for the claimant. *Id*. The ALJ is required to contact a treating or consulting physician for additional information only if the medical records presented do not provide sufficient

evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011)

Absent unfairness or prejudice, reversal for failure to develop the record is not warranted. *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995). Here, the ALJ correctly relied on the medical evidence in the record, and had no additional duty to contact a treating physician for more information or to schedule a further consultative examination.

Ms. Wages submitted records about depression from only one provider, the Winston Clinic. The records show numerous occasions where her depression and anxiety were controlled with medications. (Tr. at 226-255) For example, on October 11, 2011, she reported no depression, anxiety, or agitation. (Tr. at 228) On January 12, 2012, Ms. Wages reported that she was tolerating her medications, experienced no side effects, and was sleeping well. (Tr. at 232) On April 19, 2012, she denied depression, anxiety, memory loss, mental disturbance, suicidal ideation, hallucination, and paranoia. (Tr. at 237) At a May 8, 2012 appointment, she presented for back pain, and did not mention depression. (Tr. at 242) She likewise did not mention mental illness at her next three appointments. (Tr. at 245, 250, 256) Ms. Wages reported on July 26, 2012 that Klonopin was controlling her anxiety. (Tr. at 256) Impairments that are controllable or amendable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

The remaining records address her knee and back pain, and not depression. Ms. Wages did not seek psychiatric treatment for depression. Ms. Wages argued that she was unable to afford additional treatment; however, she did not establish that free community resources were unavailable or that she had sought medical treatment but was refused because of her inability to pay. See *Murphy v. Sullivan*, 953 F.2d 383, 386-7 (8th Cir. 1992).

Again, it was Ms. Wages duty to present her best case. There is no support for a finding that depression was a severe impairment. It is not the ALJ's duty to elicit further evidence when there is no cause, and there was no indication here that any further psychiatric evidence existed. His finding that depression was not a severe impairment was well-founded and based on a complete record. The decision to deny benefits was supported by substantial evidence.

## V. **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Wages was not disabled. The ALJ based his decision on a complete record and had no further duty to develop the record. The finding that Ms. Wages was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

DATED this 28th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE